UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CASE NO.

MIRIAM HART,

    Plaintiff,

v.

VITAL RECOVERY SERVICES, INC.,

    Defendant.

_____

## NATURE OF ACTION

1.  This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*, the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA") and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227..

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

3.  Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4.  Plaintiff, Miriam Hart ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Alachua, and City of Newberry.

5.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Vital Recovery Services, Inc. ("Defendant") is a corporation (limited liability company) who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA..

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant when Plaintiff obtained financing for a home mortgage.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11. In connection with collection of an alleged debt in default, Defendant sent Plaintiff initial written communication dated January 12, 2012, in which Defendant provided Plaintiff the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et. seq*.

12. Within one (1) year preceding the date of this Complaint, Defendant made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff

an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

13. Within one (1) year preceding the date of this Complaint, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

14. On January 16, 2012 at 12:42 P.M., Defendant called Plaintiff's cellular telephone, and at such time, a pre-recorded voice asked Plaintiff to "press 1" if she was Miriam Hart.

15. During the call on January 16, 2012 at 12:42 P.M., Plaintiff followed the recorded instructions, and when Plaintiff was connected to Defendant's agent and/or employee, Plaintiff demanded that Defendant cease and desist from placing and any all telephone calls to her.

16. During the call on January 16, 2012 at 12:42 P.M., Plaintiff instructed Defendant's agent and/or representative that communication with her be in writing only.

17. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on January 16, 2012 at 1:04 P.M., and at such time, delivered a pre-recorded message to Plaintiff.

18. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on January 16, 2012 at 3:44 P.M., and at such time, delivered a pre-recorded message to Plaintiff.

19. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on January 16, 2012 at 5:30 P.M., and at such time, delivered a pre-recorded message to Plaintiff.

20. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on January 17, 2012 at 11:55 A.M., and at such time, delivered a pre-recorded message to Plaintiff.

21. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on January 17, 2012 at 2:22 P.M., and at such time, Plaintiff spoke with Defendant's agent and/or employee "Peggy Donnelly."

22. During the call on January 17, 2012 at 2:22 P.M., Plaintiff again demanded that the calls stop and that Defendant communicate with Plaintiff in writing only.

23. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on January 17, 2012 at 3:36 P.M., and at such time, delivered a pre-recorded message to Plaintiff.

24. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on January 17, 2012 at 7:11 P.M., and at such time, delivered a pre-recorded message to Plaintiff.

25. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on January 18, 2012 at 12:06 P.M., and at such time, Plaintiff spoke with Defendant's agent and/or employee "Peggy Donnelly."

26. During the call on January 18, 2012 at 12:06 P.M., Plaintiff again demanded that Defendant cease and desist from placing any and all telephone calls to her, and further, demanded again that Defendant communicate with Plaintiff in writing only.

27. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on January 18, 2012 at 1:30 P.M., and at such time, delivered a pre-recorded message to Plaintiff.

28. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on January 18, 2012 at 3:10 P.M., and at such time, Plaintiff spoke with Defendant's agent and/or employee "Peggy Donnelly."

29. During the call on January 18, 2012 at 3:10 P.M., Plaintiff again demanded that Defendant cease placing any and all telephone calls to her, and further, again demanded that Defendant communicate with her in writing only.

30. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on January 18, 2012 at 4:46 P.M., and at such time, Plaintiff spoke with Defendant's agent and/or employee "Peggy Donnelly."

31.     During the call on January 18, 2012 at 4:46 P.M., Plaintiff again demanded that Defendant cease placing any and all telephone calls to her, and further, again demanded that Defendant communicate with her in writing only.

32.     Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on January 20, 2012 at 12:10 P.M., and at such time, Plaintiff spoke with Defendant's agent and/or employee "Peggy Donnelly."

33.     During the call on January 20, 2012 at 12:10 P.M., Plaintiff again demanded that Defendant cease placing any and all telephone calls to Plaintiff, and further, again demanded that Defendant communicate with her in writing only.

34.     Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on January 20, 2012 at 2:30 P.M., and at such time, delivered a pre-recorded message to Plaintiff.

35.     Despite Plaintiff's demand to cease telephonic communications, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on January 20, 2012 at 3:45 P.M., and at such time, delivered a pre-recorded message to Plaintiff.

36.     Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on January 20, 2012 at 5:54 P.M., and at such time, Plaintiff spoke with Defendant's agent and/or employee "Peggy Donnelly."

37. During the call on January 18, 2012 at 5:54 P.M., Plaintiff again demanded that Defendant cease placing any and all telephone calls to her, and further, again demanded that Defendant communicate with her in writing only.

38. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on January 21, 2012 at 8:52 A.M., and at such time, delivered a pre-recorded message to Plaintiff.

39. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on January 21, 2012 at 10:30 A.M., and at such time, delivered a pre-recorded message to Plaintiff.

40. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on January 21, 2012 at 3:30 P.M., and at such time, delivered a pre-recorded message to Plaintiff.

41. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on January 21, 2012 at 4:19 P.M., and at such time, delivered a pre-recorded message to Plaintiff.

42. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on January 22, 2012 at 10:08 A.M., and at such time, Plaintiff spoke with Defendant's agent and/or employee "Peggy Donnelly."

43. During the call on January 22, 2012 at 10:08 A.M., Plaintiff again demanded that Defendant cease placing any and all telephone calls to her, and further, again demanded that Defendant communicate with her in writing only.

44. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on January 22, 2012 at 11:52 A.M., and at such time, delivered a pre-recorded message to Plaintiff.

45. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on January 22, 2012 at 2:49 P.M., and at such time, delivered a pre-recorded message to Plaintiff.

46. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on January 22, 2012 at 5:39 P.M., and at such time, Plaintiff spoke with Defendant's agent and/or employee "Peggy Donnelly."

47. During the call on January 22, 2012 at 5:39 P.M., Plaintiff again demanded that Defendant cease placing any and all telephone calls to her, and further, again demanded that Defendant communicate with her in writing only.

48. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on January 24, 2012 at 11:19 A.M., and at such time, delivered a pre-recorded message to Plaintiff.

49.     Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on January 24, 2012 at 12:41 P.M., and at such time, delivered a pre-recorded message to Plaintiff.

50.     Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on January 24, 2012 at 2:26 A.M., and at such time, delivered a pre-recorded message to Plaintiff.

51.     Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on January 25, 2012 at 12:20 P.M., and at such time, delivered a pre-recorded message to Plaintiff.

52.     Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on January 25, 2012 at 3:48 P.M., and at such time, Plaintiff spoke with Defendant's agent and/or employee "Peggy Donnelly."

53.     During the call on January 25, 2012 at 3:48 P.M., Plaintiff again demanded that the calls stop and that Defendant communicate in writing only.

54.     Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on January 25, 2012 at 4:21 P.M., and at such time, Plaintiff spoke with Defendant's agent and/or employee "Peggy Donnelly."

55. During the call on January 25, 2012 at 4:21 P.M., Plaintiff again demanded that Defendant cease placing any and all telephone calls to Plaintiff, and further, again demanded that Defendant communicate with her in writing only.

56. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on January 25, 2012 at 7:28 P.M., and at such time, Plaintiff spoke with Defendant's agent and/or employee "Peggy Donnelly."

57. During the call on January 25, 2012 at 7:28 P.M., Plaintiff again demanded that Defendant cease placing any and all telephone calls to her, and further, again demanded that Defendant communicate with her in writing only.

58. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on February 1, 2012 at 11:35 A.M., and at such time, delivered a pre-recorded message to Plaintiff.

59. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on February 1, 2012 at 1:39 P.M., and at such time, Plaintiff spoke with Defendant's agent and/or employee "Peggy Donnelly."

60. During the call on February 1, 2012 at 1:39 P.M., Plaintiff again demanded that Defendant cease placing any and all telephone calls to her, and further, again demanded that Defendant communicate with Plaintiff in writing only.

61. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone

on February 1, 2012 at 5:01 P.M., and at such time, Plaintiff spoke with Defendant's agent and/or employee "Peggy Donnelly."

62. During the call on February 1, 2012 at 5:01 P.M., Plaintiff again demanded that Defendant cease placing any and all telephone calls to her, and further, again demanded that Defendant communicate with Plaintiff in writing only.

63. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on February 1, 2012 at 6:10 P.M., and at such time, Plaintiff spoke with Defendant's agent and/or employee "Peggy Donnelly."

64. During the call on February 1, 2012 at 6:10 P.M., Plaintiff again demanded that Defendant cease placing any and all telephone calls to her, and further, again demanded that Defendant communicate with Plaintiff in writing only.

65. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on February 3, 2012, and at such time, Defendant left a pre-recorded voicemail message.

66. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on February 8, 2012 at 9:09 A.M., and at such time, Plaintiff spoke with Defendant's agent and/or employee "Peggy Donnelly."

67. During the call on February 8, 2012 at 9:09 A.M., Plaintiff again demanded that Defendant cease placing any and all telephone calls to her, and further, again demanded that Defendant communicate with her in writing only.

68. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on February 8, 2012 at 11:35 A.M., and at such time, Plaintiff spoke with Defendant's agent and/or employee "Peggy Donnelly."

69. During the call on February 8, 2012 at 11:35 A.M., Plaintiff again demanded that Defendant cease placing any and all telephone calls to her, and further, again demanded that Defendant communicate with her in writing only.

70. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on February 8, 2012 at 4:31 P.M., and at such time, Plaintiff spoke with Defendant's agent and/or employee "Peggy Donnelly."

71. During the call on February 8, 2012 at 4:31 P.M., Plaintiff again demanded that Defendant cease placing any and all telephone calls to her, and further, again demanded that Defendant communicate with Plaintiff in writing only.

72. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on February 14, 2012, and at such time, delivered a pre-recorded message to Plaintiff.

73. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on February 20, 2012 at 10:34 A.M., and at such time, Plaintiff spoke with Defendant's agent and/or employee "Peggy Donnelly."

74. During the call on February 20, 2012 at 10:34 A.M., Plaintiff again demanded that Defendant cease placing any and all telephone calls to her, and further, again demanded that Defendant communicate with her in writing only.

75. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on February 20, 2012 at 11:16 A.M., and at such time, Plaintiff spoke with Defendant's agent and/or employee "Peggy Donnelly."

76. During the call on February 20, 2012 at 11:16 A.M., Plaintiff again demanded that Defendant cease placing any and all telephone calls to her, and further, again demanded that Defendant communicate with her in writing only.

77. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on February 20, 2012 at 12:56 P.M., and at such time, Plaintiff spoke with Defendant's agent and/or employee "Peggy Donnelly."

78. During the call on February 20, 2012 at 12:56 P.M., Plaintiff again demanded that Defendant cease placing any and all telephone calls to her, and further, again demanded that Defendant communicate with her in writing only.

79. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to her, Defendant placed an non-emergency telephone call to Plaintiff's cellular telephone on February 20, 2012 at 3:45 P.M., and at such time, Plaintiff spoke with Defendant's agent and/or employee "Peggy Donnelly."

80.     During the call on February 20, 2012 at 3:45 P.M., Plaintiff again demanded that Defendant cease placing any and all telephone calls to her, and further, again demanded that Defendant communicate with her in writing only.

81.     Defendant willingly and knowingly placed multiple non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice, including, but not limited to, the above forty-three (43) calls.

82.     Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(1)

83.     Plaintiff repeats and re-alleges each and every allegation above

84.     Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692d(5)

85. Plaintiff repeats and re-alleges each and every allegation above.

86. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692d(5);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATIONS OF THE SECTION 559.72(7) OF THE FCCPA
## AGAINST DEFENDANT

87. Plaintiff repeats and re-alleges each and every allegation above.

88. Defendant violated Fla. Stat. § 559.72(7) by willfully communicating with a debtor, or any member of her or his family with such frequency as would reasonably be expected to harass the debtor or the debtor's family, or such other conduct reasonably expected to abuse or harass the debtor or any member of the debtor's family.

89. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, Miriam Hart, by and through her attorneys, respectfully prays for judgment as follows:

    a) All actual compensatory damages suffered;

    b) Emotional and/or mental anguish damages;

    c) Statutory damages of $1,000.00;

    d) Plaintiff's attorneys' fees and costs;

    e) Any other relief deemed appropriate by this Honorable Court.

## COUNT IV
## VIOLATION OF 47 U.S.C. 227(b)(1)(A)(iii)

90. Plaintiff repeats and re-alleges each and every allegation contained above.

91. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

    b) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

    c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

    d) In the alternative, awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

    e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

92. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 8th day of June, 2012.

        Respectfully submitted,
        **MIRIAM HART**

        By: s/ Alex D. Weisberg
        ALEX D. WEISBERG
        FBN: 0566551
        WEISBERG & MEYERS, LLC
        ATTORNEYS FOR PLAINTIFF
        5722 S. Flamingo Rd, Ste. 656
        Cooper City, FL 33330
        (954) 212-2184
        (866) 577-0963 fax
        aweisberg@attorneysforconsumers.com